JOHN BENSLEY, Respondent, v. JOHN B. LEWIS, Appellant.

No. 2419; August 5, 1870.

New Trial—Time for Notice of Intention.—It is required of one intending to move for a new trial that he give notice of that intention within ten days after the service upon him of notice of the decision of the court.

Appeal.—A Mere Proposed Statement on Motion for a New Trial, or a statement not first agreed upon by counsel or certified by the trial court, will not be considered on appeal from an order denying the motion.

APPEAL from Fourth Judicial District, San Francisco County.

J. McM. Shafter for respondent; M. G. Cobb for appellant.

WALLACE, J.—Final judgment was rendered in the court below on January 9, 1869. Notice of appeal therefrom was filed and served January 28, 1870. The appeal from the judgment was, therefore, too late to be entertained here against the objection of the respondent, which has been duly made.

The action was tried by the court below sitting without a jury. The decision of the court having been rendered in favor of Bensley January 9, 1869, and no findings being filed, notice of the rendering of the decision was given to the attorney of Lewis on January 22, 1869. It was his duty, if he intended to move for a new trial, to give notice of that intention within ten days thereafter. His time to give that notice expired

on February 1, 1869. He gave the notice, however, on the 2d of February, 1869, which was precisely too late.

He filed a proposed statement in support of the motion for a new trial on February 6, 1869. The statement was neither agreed to by the respondent's counsel nor certified by the judge. The motion for a new trial was denied by the court below, and, as we said in Cosgrove v. Johnson, 30 Cal. 510, "he may well have denied the motion for the reason that there was no settled statement, and, for aught we know, may have done so." It is at all events settled in this court that a mere proposed statement on motion for a new trial, or one which has not been agreed to by counsel nor certified by the judge of the court below, will not be considered here upon appeal from the order denying the motion.

The appeal from the judgment must, therefore, be dismissed and the order denying the new trial affirmed.

And it is so ordered.

We concur: Crockett, J.; Sprague, J.; Rhodes, C. J.; Temple, J.